# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS LOU NELSON JR., | Case No. 1:23-cv-01476-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND[1]

In the early morning hours on July 5, 2016, Mr. Nelson shot his longtime girlfriend, Priya Patel, in the face while she was driving on a highway in Oklahoma City, destroying her eyes and optic nerves and causing permanent blindness.

The witnesses' testimony aligns as to many underlying facts. The couple spent the July 4th holiday with Mr. Nelson's sister, Velma, who made them leave the house late that night after a family fight. They got into a car with a loaded .45-caliber handgun, with Ms. Patel behind the wheel and Mr. Nelson in the front passenger

---

[1] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."). The Court hereby takes notice of the judicial opinions of the United States Court of Appeals for the Tenth Circuit affirming the judgment and the United States District Court for the Western District of Oklahoma denying relief pursuant to 28 U.S.C. § 2255. See United States v. Nelson, 801 F. App'x 652 (10th Cir. 2020); United States v. Nelson, No. CR-18-01-C, CIV-21-264-C, 2021 WL 1700058 (W.D. Okla. Apr. 29, 2021).

1

> seat. Sometime after midnight, while Ms. Patel was driving, the couple got into an argument and Mr. Nelson shot her in the face. Unable to see, she pulled over to the side of the road, where they both exited the car. Two Good Samaritans found Ms. Patel walking on the side of the highway around 2:00 a.m. with extensive eye injuries. She told them, and later the police, that Mr. Nelson had shot her. Mr. Nelson left the scene, and law enforcement officers apprehended him after searching the area. He initially told the police they had picked up a drug-dealing stranger, who shot Ms. Patel while trying to rob them; however, at trial Mr. Nelson testified that he shot Ms. Patel by accident. Law enforcement never located the firearm, but they found a single, .45-caliber shell casing on the floorboard of the vehicle's front passenger side.
>
> The witnesses disagree on some critical details. Mr. Nelson insists Ms. Patel got into the car voluntarily and indeed had no choice but to leave with him because of the troubled family dynamics. He testified that both of them ingested several mind-altering drugs that night. He further testified that he accidentally shot Ms. Patel during an argument in the car. According to Mr. Nelson, Ms. Patel was holding her own gun underneath her leg while she was driving, and she started waving and swinging it during their argument. When he tried to take the gun from her, it accidentally discharged. Mr. Nelson left the scene and lied to the police about what happened because he was afraid he would get in trouble for having drugs in the car. By contrast, Ms. Patel testified during the state-court preliminary hearing that Mr. Nelson forced her into the car with his own gun, directed her to drive him to several locations at gunpoint, refused to let her leave the car, and shot her after making threatening remarks and accusing her of cheating on him.

United States v. Nelson, 801 F. App'x 652, 655 (10th Cir. 2020).

According to the petition, Petitioner was arrested by Oklahoma state authorities on or about June 13, 2016. (ECF No. 1 at 1.)[2] On December 15, 2016, the state court began Petitioner's preliminary hearing. (ECF No. 1 at 1–2.) The petition alleges that Petitioner was federally indicted on May 15, 2018, and the state charges were dismissed in lieu of federal prosecution. (Id. at 2, 14.) A federal grand jury indicted Petitioner on four counts:

> being a convicted felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 1); carjacking resulting in serious injury in violation of 18 U.S.C. § 2119 (Count 2); kidnapping in violation of 18 U.S.C. § 1201(a)(1) (Count 3); and use and discharge of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Count 4).

Nelson, 801 F. App'x at 655. A writ of habeas corpus ad prosequendum was issued on May 25, 2018. (ECF No. 1 at 11.) "After a three-day trial, a jury found Mr. Nelson guilty on all counts. The district court sentenced him to 480 months' imprisonment: 120 months for Count 1, 300 months for Count 2, and 360 months for Count 3, running concurrently; and 120 months for Count 4, running consecutively." Nelson, 801 F. App'x at 655.

---

[2] Page numbers refer to the ECF pagination stamped at the top of the page.

On direct appeal, Petitioner asserted that the district court erred when it:

> (1) declared Ms. Patel to be unavailable and admitted her testimony from the state-court preliminary hearing; (2) admitted photographs of Ms. Patel's gunshot wound; (3) relied on Mr. Nelson's kidnapping conviction to support his § 924(c) conviction and to enhance his sentence under the career-offender guideline; (4) sentenced Mr. Nelson as a career offender based on a prior conviction that is not a controlled substance offense; (5) held there was sufficient evidence from which the jury could find beyond a reasonable doubt that all offenses occurred; and (6) imposed a substantively unreasonable sentence.

Nelson, 801 F. App'x at 656. On March 20, 2020, the Tenth Circuit affirmed the convictions and sentence. Id. at 668. Subsequently, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, "rais[ing] four distinct claims of ineffective assistance": (1) "trial counsel failed to object at trial to the presentation of a witness's state court testimony"; (2) trial counsel "fail[ed] to call witnesses and/or offer evidence that he was a joint owner of the automobile and so could not be guilty of carjacking"; (3) trial counsel "fail[ed] to have her investigator interview the victim in this matter to establish there was no carjacking or kidnapping"; and (4) trial counsel "fail[ed] to raise a claim based on Rehaif v. United States, ––– U.S. ––––, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019)." Nelson, 2021 WL 1700058, at *1, 2. On April 29, 2021, the district court denied Petitioner's § 2255 motion. Id. at *3, .

On June 21, 2022, Petitioner filed an application to file a second or successive § 2255 motion in light of United States v. Borden, 141 S. Ct. 1817 (2021). United States v. Nelson, No. 5:18-cv-00130-C-1 (W.D. Okla. June 21, 2022), ECF No. 92. On July 8, 2022, the Tenth Circuit denied authorization to file a second or successive § 2255 motion. Id., ECF No. 93. On September 6, 2022, Petitioner submitted another application to file a second or successive § 2255 motion. Id., ECF No. 95. On September 22, 2022, the Tenth Circuit again denied authorization to file a second or successive § 2255 motion. Id., ECF No. 97.

On April 25, 2023, Petitioner filed a § 2241 petition in this Court. Petition, Nelson v. Trate, No. 1:23-cv-00633-JLT-SKO (E.D. Cal. Apr. 24, 2023), ECF No. 1.[3] On June 23, 2023, the Court dismissed the petition for failure to satisfy the requirements to permit consideration of

---

[3] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

his § 2241 petition. Order, Nelson, No. 1:23-cv-00633-JLT-SKO (E.D. Cal. June 23, 2023), ECF No. 7.

On October 16, 2023, Petitioner filed the instant § 2241 petition in this matter. (ECF No. 1.) Therein, Petitioner asserts the following claims for relief: (1) ineffective assistance of counsel; (2) actual innocence; (3) violation of the anti-shuttling provision, under 28 U.S.C. § 2283, of the Interstate Agreement on Detainers ("IAD"); (4) the district court's lack of subject-matter jurisdiction to indict; and (5) the federal government's improper employment of the state prosecution as a tool to obtain subject-matter jurisdiction, rendering Petitioner's state prosecution a sham. (ECF No. 1 at 1.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[4] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047

---

[4] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1  (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d
2  952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000) (per
3  curiam). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso,
4  328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed
5  inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy
6  under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy
7  is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

8      "An inquiry into whether a § 2241 petition is proper under these circumstances is critical
9  to the determination of district court jurisdiction" because § 2241 petitions must be heard in the
10 custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d
11 at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, it may be heard in this
12 Court. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in
13 the United States District Court for the Western District of Oklahoma as the sentencing court.

14     A petitioner may proceed under § 2241 pursuant to the escape hatch when the petitioner
15 "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at
16 presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth
17 Circuit, a claim of actual innocence for purposes of the § 2255 escape hatch is tested by the
18 standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998).
19 Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual
20 innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not
21 that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks
22 and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal
23 insufficiency." Id. "In determining whether a petitioner had an unobstructed procedural shot to
24 pursue his claim, we ask whether petitioner's claim 'did not become available' until after a
25 federal court decision. In other words, we consider: (1) whether the legal basis for petitioner's
26 claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and
27 (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255
28 motion." Harrison, 519 F.3d at 960 (citations omitted)).

The Supreme Court recently addressed "the interplay between" § 2241 and § 2255 in Jones v. Hendrix, 599 U.S. 465, 469 (2023). The Supreme Court stated that "[i]n § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed," and "[b]ecause § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied." Id. at 477–78. The Supreme Court stated that "[t]he saving clause does not undermine this strong negative inference," and "AEDPA's new restrictions on § 2255, therefore, are best understood as just that—restrictions on § 2255—not as expansions of § 2241's applicability." Id. at 478. Thus, "[a]fter AEDPA, as before it, the saving clause preserves recourse to § 2241 in cases where *unusual circumstances* make it impossible or impracticable to seek relief in the sentencing court[.]" Id. (emphasis added). Accordingly, "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Id. at 471. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." Id. at 480.[5]

Petitioner asserts that his counsel in both the state and federal prosecutions were ineffective for failing to present a double jeopardy and speedy trial defense, failing to file a motion to dismiss pursuant to the IAD and for improper venue, and failing to present the federal jury with evidence that Petitioner was the owner of the vehicle he was accused of carjacking. (ECF No. 1 at 3.) Petitioner's ineffective assistance of counsel claims challenge the legal sufficiency of Petitioner's convictions rather than establish Petitioner's factual innocence, which requires Petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (internal quotation

---

[5] "[W]here intervening Supreme Court authority is clearly irreconcilable with our prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

marks and citation omitted). Moreover, Petitioner has not established that he has not had an unobstructed procedural shot at presenting these claims previously either on direct appeal or in his first § 2255 motion. In fact, Petitioner asserted various claims of ineffective assistance of counsel in his first § 2255 motion, which the district court denied. Nelson, 2021 WL 1700058, at *1–2.

Petitioner contends that he is actually innocent of carjacking because "a person cannot steal something or take something that he is the lawful owner of." (ECF No. 1 at 4.) Again, Petitioner does not demonstrate that he has not had an unobstructed procedural shot at presenting this claim. In fact, as noted by the district court in denying Petitioner's § 2255 motion, evidence and testimony that Petitioner was a co-owner of the car was presented at trial and defense counsel "did in fact argue on several occasions, including in her Motion for directed verdict, that [Petitioner] couldn't carjack because he was a part-owner." Nelson, 2021 WL 1700058, at *1.

Petitioner asserts that he is actually innocent of § 924(c) because kidnapping is not a crime of violence under the categorical approach, citing to United States v. Taylor, 142 S. Ct. 2015 (2022), and Borden v. United States, 141 S. Ct. 1817 (2021). (ECF No. 1 at 4.) Petitioner argues that the Supreme Court has found § 922(g) to be unconstitutional, citing to New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022), and that no evidence exists that he was ever in possession of ammunition. (ECF No. 1 at 4.) To the extent Petitioner's claim of actual innocence relies on Supreme Court decisions issued after Petitioner's direct appeal and first § 2255 motion, "§ 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones, 599 U.S. at 471. Additionally, Petitioner does not demonstrate that he has not had an unobstructed procedural shot at presenting his sufficiency of the evidence claim regarding possession of ammunition.

Petitioner also argues that the United States District Court for the Western District of Oklahoma violated 28 U.S.C. § 2283, Federal Rules of Criminal Procedure 4 and 5, and the IAD. (ECF No. 1 at 4–5.) These grounds challenge the legal sufficiency of Petitioner's convictions rather than establish Petitioner's factual innocence, and Petitioner does not demonstrate that he

has not had an unobstructed procedural shot at presenting these claims on direct appeal or in his first § 2255 motion. Moreover, the Court notes that "[b]ecause the United States obtained custody of [Petitioner] from the State . . . pursuant to a writ of habeas corpus *ad prosequendum*, the IAD did not apply to the federal proceedings against him." United States v. Sheafe, 789 F. App'x 22, 22–23 (9th Cir. 2019) (citing United States v. Mauro, 436 U.S. 340, 361 (1978)).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 6, 2023**

UNITED STATES MAGISTRATE JUDGE